UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------

PETER W. LINDNER,

                      Plaintiff,

-against -

INTERNATIONAL BUSINESS MACHINES
CORPORATION, ROBERT VANDERHEYDEN,
HEATHER CHRISTO HIGGINS, JOHN DOE #1,
and JOHN DOE #2

                      Defendants.

------------------------------------

06 CV 4751 (KMK)

AMENDED
COMPLAINT

Plaintiff, Peter W. Lindner ("Lindner") by his attorney, Kenneth W. Richardson for his Amended Complaint against defendants, alleges the following:

## NATURE OF THE ACTION

1.     This is an action for retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, the New York State Human Rights Law, as codified, in Executive Law §290 et seq.; and Title 8 of the New York City Administrative Code, the Older Workers benefit Protection act (:OWBPA"), 104 Stat. 978, 29 U.S.C.§ 626(f)(1), and for defamation and tortious interference with Plaintiff's business relations and breach of contract.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C, § 1331, 1343; and pursuant to the doctrine of pendent jurisdiction.

4.     Venue is properly laid in the Southern District of New York because at least some of the acts and events and omissions giving rise to this action as set forth herein occurred in the Southern District.

5.     Plaintiff timely pursued all applicable administrative remedies.  On or about January 9, 2006 plaintiff did file a charge with the Equal Employment Opportunity Commission alleging retaliation against defendants for Lindner's prior protected activity. Plaintiff received a right to sue letter dated January 30, 2006.  This action is commenced within the 90 day requirement of the right to sue letter and within 90 days of Lindner's receipt of the right to sue.  Lindner's retaliation claim is continuous.

## PARTIES

6.     Lindner is an individual residing in New York County.

7.     Defendant International Business Machines Corporation ("IBM") is a New York corporation with a place of business at New Orchard Road, Armonk, NY 10504 as well as offices in Manhattan.

8.     Defendants Robert Vanderheyden ("Vanderheyden") and Heather Christo Higgins ("Christo") are managers or team leaders employed for IBM.

9.     Defendant John Doe #1 and John Doe #2 is/ are/ were  managers in Human Resources or the Legal Department at IBM or otherwise employed by IBM.

## FACTS

10.     Lindner is a computer programmer  and  was employed in that capacity by IBM from 1999 through 2003. Lindner was also employed by IBM from about 1973 to 1978.

11.     Christo was Lindner's supervisor during his employment at IBM, while Vanderheyden was a colleague and later a team leader of Lindner at IBM.

12.     In late 2003 or early 2004, Lindner filed an age-discrimination claim against IBM with the Equal Employment Opportunity Commission ("EEOC"). The EEOC gave Lindner a right-to-sue letter and he joined an action against IBM in early 2004. In that action, Lindner alleged, among other wrongs, age discrimination in violation of Title VII of the Civil Rights Act of 1964 and violations OWBPA, ADEA, and ERISA.

13.     In August 2004, Lindner raised the issue with Heather Christo and Robert Vanderheyden that he, Lindner, thought his lay off was age based, not skills or

performance based, and presented a statistical analysis to back this up.

14.    In February 2004, Lindner applied for a full-time position with Genalytics, which was also a vendor to IBM. Lindner was scheduled to have an interview with Matthias Kahder, an employee of Genalytics, when Mr. Kahder cancelled the appointment with Lindner. On information and belief, Christo and/or Vanderheyden told Kahder that Lindner was not suitable for this project working with IBM's Marketing Intelligence Group.

15.    In February or March 2004, Lindner called IBM in White Plains, NY from New York City and spoke to someone ("John Doe #1" as an placeholder name since Lindner is unable to find the name) to complain that Heather Christo or Robert Vanderheyden had interceded with Lindner's potential employer, in retaliation against Lindner for filing a suit against IBM and against them in particular. Doe #1 assured Lindner, for good and valuable consideration, that Doe would speak to them and that this would not happen again. Lindner thanked Doe for his kindness. This constituted an oral contract between IBM and Lindner for which there was valuable consideration. Lindner relied on Doe's statement and did not pursue an action against IBM at that time.

16.    On or about February 2005, Lindner had a phone interview with Cathy Cooper of Wunderman agency.

17.    On or about February or March 2005, Lindner met with Cathy Cooper of Wunderman agency and with two of her associates to make a presentation.

18.    On or about March 2005, Lindner was told by his agent that Cathy Cooper of Wunderman agency declined to offer Lindner a job or to continue interviewing him. On information and belief, Vanderheyden and/or Christo told Cooper that Lindner was "too quirky" and "doesn't have enough knowledge of the subject".

19.    This action by Christo and Vanderheyden constituted a breach of contract.

20.    On or about March 2005, Lindner again called IBM, White Plains, NY to complain to John Doe #2 that the retaliation had continued, despite the promises of John Doe #1.

21.    At all pertinent times Christo and Vanderheyden were aware of Lindner's prior protected activity.

22.     The defamatory, slanderous and libelous statements of Christo and Vanderheyden was published to third parties.

23.     The statements were made with an applicable level of fault on the part of Christo and Vanderheyden because they knew such statements to be false.

24.     Lindner  suffered special damages in that it resulted in Lindner being denied employment, injury to his name and reputation and/or alternatively the statement constituted defamation, slander and libel per se.

25.     The statements were not privileged.

26.     The statements are susceptible of defamatory meaning.

## FIRST CAUSE OF ACTION

27.     Plaintiff repeats and realleges each and every  allegation contained in paragraphs "1" through "25" as if fully set forth herein.

28.     Defendants discriminated against plaintiff by retaliating against him for engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964.

29.     Plaintiff suffered and is suffering irreparable injury and monetary damages as a result of Defendants' acts and retaliatory practices, as well as mental distress and anguish and humiliation, and will continue to so suffer unless and until this Court grants relief.

## SECOND CLAIM FOR RELIEF

30.     Plaintiff repeats and realleges each and every  allegation contained in paragraphs "1" through "25" as if fully set forth herein.

31.     Defendants discriminated against plaintiff by retaliating against him for engaging in protected activity in violation of the New York Human Rights Law, as codified in New York Executive Law § 290 et seq.

32.     Plaintiff suffered and is suffering irreparable injury and monetary damages as a result of Defendants' acts and discriminatory practices, as well as mental distress and anguish and humiliation, and will continue to so suffer unless and until this Court grants relief.

## THIRD CLAIM FOR RELIEF

33.    Plaintiff repeats and realleges each and every   allegation contained in paragraphs "1" through "25" as if fully set forth herein.

34.    Defendants discriminated against plaintiff by retaliating against him for engaging in protected activity in violation of the New York City Administrative Code Title 8.

35.    Plaintiff suffered and is suffering irreparable injury and monetary damages as a result of Defendants' acts and discriminatory practices, as well as mental distress and anguish and humiliation, and will continue to so suffer unless and until this Court grants relief.

## FOURTH CLAIM FOR RELIEF

36.    Plaintiff repeats and realleges each and every   allegation contained in paragraphs "1" through "25" as if fully set forth herein.

37.    Defendants did act in breach of contract by tortuously interfering with Lindner's business relationship by preventing or attempting to prevent Lindner from gaining employment and earning a living.

38.    Plaintiff suffered and is suffering irreparable injury and monetary damages as a result of Defendants' acts and discriminatory practices, as well as mental distress and anguish and humiliation, and will continue to so suffer unless and until this Court grants relief.

## FIFTH CLAIM FOR RELIEF

39.    Plaintiff repeats and realleges each and every   allegation contained in paragraphs "1" through "25" as if fully set forth herein.

40.    Defendants did act in breach of contract by continuing to state defamatory, injurious and/or negative information about Lindner after assurance that these acts would not continue.

41.    Plaintiff suffered and is suffering irreparable injury and monetary damages

as a result of Defendants' acts and discriminatory practices, as well as mental distress and anguish and humiliation, and will continue to so suffer unless and until this Court grants relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that his Court enter judgment:

a)      declaring that the acts and practices complained of herein are in violation of  This is an action for retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 29 U.S.C.§ 621 et seq.,New York Human Rights Law, as codified in New York Executive Law § 290 et seq.,and Title 8 of the New York City Administrative Code.

b)      enjoining and permanently restraining these violations;

c)      directing Defendants to take such affirmative action as necessary to ensure that the effects of these unlawful acts and discriminatory employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

d)      directing Defendants to pay Plaintiff compensatory damages, and damages for his mental anguish, mental distress, humiliation, loss of reputation, and interest thereon, and all such other damages and remedies as may be available to the Plaintiff and are appropriate;

e)      awarding Plaintiff the costs and disbursements of this action, together with reasonable attorneys' fees, including, without limitation, all such fees as are provided by applicable law;

f)      awarding Plaintiff punitive damages against Defendant;

g)      retaining jurisdiction over this matter to assure full compliance with any Order of this Court; and

h)      granting such. Other and further relief as to this Court seems just and proper.

## DEMAND FOR A TRIAL BY JURY

Plaintiff demands a trial by jury.

Dated: New York, New York

March 10, 2008

Kenneth W. Richardson, Esq.(8701)
Attorney for Plaintiff
305 Broadway, Suite 1100
New York, New York 10007
(212) 962-4277

Attorney's Affirmation

I, Kenneth W. Richardson, attorney for the plaintiff Peter Lindner, do hereby affirm under penalties of perjury that the within Amended Complaint was served this 12 day of March on Jackson Lewis, attorneys for defendant, at 59 Maiden Lane, New York, New York, 10038 by placing same in a United States Postal Service mail receptacle for regular postal delivery.

Dated: New York, NY
      March 12, 2008

By: Kenneth W. Richardson