JACKSON LEWIS LLP
    59 Maiden Lane
    New York, New York 10038-4502
    (212) 545-4000
Attorneys of Record:
    Kevin G. Lauri (KL 8714)
    Dana L. Glick Weisbrod (DW 0527)

ATTORNEYS FOR DEFENDANT INTERNATIONAL
BUSINESS MACHINES CORPORATION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETER W. LINDNER,<br><br>                Plaintiff,<br><br>-against-<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, ROBERT VANDERHEYDEN, HEATHER CHRISTO HIGGINS, JOHN DOE #1, and JOHN DOE #2,<br><br>                Defendant. | 06 CV 4751 (RJS-DFE)<br><br>**DEFENDANT INTERNATIONAL BUSINESS MACHINES COPORATION'S ANSWER TO PLAINTFF'S SECOND AMENDED COMPLAINT** |

        Defendant, International Business Machines Corporation, (hereinafter referred to as "IBM" or "Defendant"), by and through its undersigned counsel, Jackson Lewis LLP, for its Answer to the Second Amended Complaint of Plaintiff, Peter W. Lindner, (hereinafter referred to as "Plaintiff"), responds and pleads affirmative defenses as follows:

### AS TO "NATURE OF ACTION"

        1.    Defendant denies the allegations contained in Paragraph "1," except avers that Plaintiff alleges that "[t]his is an action for retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, the New York State Human Rights Law, as codified, in Executive Law §290 et seq; and Title 8 of the New York City Administrative Code, the Older

Workers Benefit Protection Act ("OWBPA"), 104 Stat 978, 29 U.S.C. §626(f)(1), and for tortious interference with plaintiff's business relations."

## AS TO "JURISDICTION AND VENUE"

2. [Paragraph 2 is omitted from Plaintiff's Second Amended Complaint]

3. Defendant neither admits nor denies the allegations contained in Paragraph "3," on the grounds that the allegation contains no factual assertions, only legal conclusions to which no response is required.

4. Defendant neither admits nor denies the allegations contained in Paragraph "4," that venue is proper, on the grounds that the allegation contains no factual assertions, only legal conclusions to which no response is required. Defendant denies the remaining allegations contained in Paragraph "4," except avers that some of the acts and omissions giving rise to this action as set forth in Plaintiff's Second Amended Complaint occurred in the Southern District of New York.

5. Defendant neither admits nor denies the allegations contained in Paragraph "5," that Plaintiff timely pursued all applicable administrative remedies, on the grounds that the allegation contains no factual assertions, only legal conclusions to which no response is required. Defendant denies knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph "5," except refers the Court to Plaintiff's charge of discrimination and related right to sue letter for the full contents thereof.

## AS TO "PARTIES"

6. Defendant denies knowledge or information sufficient to respond to each and every allegation contained in Paragraph "6," except avers that, based upon information provided by Plaintiff during his employment, he is an individual residing in New York County.

7. Defendant admits the allegations contained in Paragraph "7."

2

8. Defendant denies the allegation contained in Paragraph "8," except avers that at times during Plaintiff's employment with IBM, Defendant Robert Vanderheyden was a team leader and Heather Christo Higgins was a manager at IBM.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "9."

## AS TO "FACTS"

10. Defendant denies the allegations contained in Paragraph "10," except avers that Plaintiff was a Market Intelligence Specialist from May 3, 1999 until August 1, 2003, and that he also worked for IBM from 1973 to 1978.

11. Defendant denies the allegations contained in Paragraph "10," except avers that at times during Plaintiff's employment with IBM, Higgins was Plaintiff's supervisor, and at times during Plaintiff's employment with IBM, Vanderheyden was Plaintiff's team leader.

12. Defendant denies the allegations contained in Paragraph "10," except avers that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission in 2004, and refers the Court to the charge and complaint in the lawsuit for the content therein.

13. Defendant denies each and every and every allegation contained in Paragraph "13."

14. Defendant denies knowledge or information sufficient to respond to the allegations contained in Paragraph "14," except denies those allegations relating to Higgins and Vanderheyden.

15. Defendant denies knowledge or information sufficient to respond to the allegations contained in Paragraph "15."

16. Defendant denies knowledge or information sufficient to respond to the

allegations contained in Paragraph "16."

17. Defendant denies knowledge or information sufficient to respond to the allegations contained in Paragraph "17."

18. Defendant denies knowledge or information sufficient to respond to each and every allegation contained in Paragraph "18," except denies those allegations relating to Higgins and Vanderheyden.

19. Defendant denies each and every allegation contained in Paragraph "19."

20. Defendant denies each and every allegation contained in Paragraph "20."

21. Defendant denies knowledge or information sufficient to respond to the allegations contained in Paragraph "21."

22. Defendant denies each and every allegation contained in Paragraph "22."

23. Defendant denies each and every allegation contained in Paragraph "23."

24. Defendant denies each and every allegation contained in Paragraph "24."

25. Defendant denies each and every allegation contained in Paragraph "25."

## AS TO "FIRST CAUSE OF ACTION"

26. Defendant repeats and realleges its answers to Paragraphs "1" through "25" as though set forth in full herein.

27. Defendant denies each and every allegation contained in Paragraph "27."

28. Defendant denies each and every allegation contained in Paragraph "28."

## AS TO "SECOND CAUSE OF ACTION"

29. Defendant repeats and realleges its answers to Paragraphs "1" through "28" as though set forth in full herein.

30. Defendant denies each and every allegation contained in Paragraph "30."

31. Defendant denies each and every allegation contained in Paragraph "31."

## AS TO "THIRD CAUSE OF ACTION"

32. Defendant repeats and realleges its answers to Paragraphs "1" through "31" as though set forth in full herein.

33. Defendant denies each and every allegation contained in Paragraph "33."

34. Defendant denies each and every allegation contained in Paragraph "34."

## AS TO "FOURTH CAUSE OF ACTION"

35. Defendant repeats and realleges its answers to Paragraphs "1" through "34" as though set forth in full herein.

36. Defendant denies each and every allegation contained in Paragraph "36."

37. Defendant denies each and every allegation contained in Paragraph "37."

38. Defendant denies each and every allegation contained in Paragraph "38."

## AS AND FOR DEFENDANT'S FIRST AFFIRMATIVE DEFENSE

39. The Second Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted or for which the damages sought may be awarded.

## AS AND FOR DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

40. At all times relevant hereto, Defendant has acted in good faith and with good cause, and has not violated any right which may be secured to Plaintiff, under any federal rule, ordinance, regulation or guideline.

## AS AND FOR DEFENDANT'S THIRD AFFIRMATIVE DEFENSE

41. All of Defendant's actions were taken for legitimate nondiscriminatory business reasons.

## AS AND FOR DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE

42. Plaintiff's claims for damages are barred, in whole or in part, because he has failed to mitigate his alleged damages.

## AS AND FOR DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE

43. The Second Amended Complaint is barred, in whole or in part, by the applicable statue of limitations.

## AS AND FOR DEFENDANT'S SIXTH AFFIRMATIVE DEFENSE

44. The Second Amended Complaint is barred, in whole or in part, to the extent Plaintiff has failed to exhaust his administrative remedies and to satisfy the conditions precedent and/or statutory prerequisites to proceed in this action.

## AS AND FOR DEFENDANT'S SEVENTH AFFIRMATIVE DEFENSE

45. Any communications between Defendant and a third party regarding Plaintiff's work performance is protected by a qualified and/or absolute privilege.

## AS AND FOR DEFENDANT'S EIGHTH AFFIRMATIVE DEFENSE

46. Any statements allegedly made by the individuals Defendants to third parties regarding Plaintiff were true.

## AS AND FOR DEFENDANT'S NINTH AFFIRMATIVE DEFENSE

47. Defendant reserves the right to plead additional separate and affirmative defenses, which may be ascertained during the course of discovery in this action or otherwise.

WHEREFORE, Defendant respectfully requests that this Court:

(a) Dismiss Plaintiff's lawsuit in its entirety and with prejudice;

(b) Deny each and every request for relief contained in Plaintiff's Second Amended Complaint;

(c) Award Defendant its costs, including attorneys' fees, incurred in defending this meritless and vexatious action; and

(d) Award Defendant any other relief as this Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS LLP
59 Maiden Lane
New York, New York 10038-4502
(212) 545-4000

By: _____
Kevin G. Lauri (KL 8714)
Dana L. Glick Weisbrod (DW 0527)

ATTORNEYS FOR DEFENDANT
INTERNATIONAL BUSINESS MACHINES
CORPORATION

Dated: August 22, 2008
       New York, New York

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of August, 2008, I caused a true and correct copy of the foregoing Defendant International Business Machines Corporation's Answer to Plaintiff's Second Amended Complaint to be electronically filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, the Southern District's Local Rules, and the Southern District's Rules on Electronic Service upon Plaintiff's counsel of record at the following address, and also mailed a copy of same to Plaintiff's counsel of record via first class mail at the following address: Kenneth W. Richardson, Law Offices of Kenneth W. Richardson, 305 Broadway, Suite 1100, New York, NY 10007.

Kevin G. Lauri