USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/16/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
PETER W. LINDNER,                           06 Civ. 4751 (RJS)(DFE)
                    Plaintiff,
                                            (This is no longer an ECF case.)
          - against -
                                            MEMORANDUM AND ORDER
INTERNATIONAL BUSINESS MACHINES
CORPORATION, et al.,

                    Defendants.
----------------------------------x

DOUGLAS F. EATON, United States Magistrate Judge.

    1.  On November 11, 2008, Judge Sullivan signed a scheduling order directing the parties to complete all fact discovery by March 16, 2009, to complete all expert discovery by June 15, and to send him any pre-motion letters by June 22.  On May 1, 2009, he sent me a new Order of Reference for general pretrial supervision; this gives me the power to change his scheduling order, but only if I find a good reason to do so.

    2.  In my Memorandum and Order dated May 29, 2009, I attempted to set a schedule that would enable me rule on the remaining discovery disputes before June 22, when I begin a jury trial in another case.  At Paragraph 12, I directed Defendants to fax me, by June 5, 2009, their response to Plaintiff's 4/17/09 letter motion to compel, and I directed Plaintiff to fax me any reply by June 15, 2009.  (Plaintiff is now proceeding *pro se*.)

    3.  On June 5, Defendants faxed me a 5-page response.  At page 2, they cited Judge Sullivan's opinion in *Williams v. Doe*, 2008 U.S.Dist.LEXIS 80802, *6 (S.D.N.Y. Sept. 30, 2008), and contended that it is unreasonable for Mr. Lindner to demand that IBM interview every single employee who worked for IBM in February and March 2004 and February and March 2005 in an attempt to identify persons whom Plaintiff has labeled as John Doe #1 and John Doe #2.

    4.  At page 3 of their June 5 letter, Defendants noted as follows.  Plaintiff has alleged "upon information and belief" that IBM's Mr. Vanderheyden and/or IBM's Ms. Higgins gave unfavorable comments about Plaintiff to potential employers Wunderman and Genalytics.  The denials of Mr. Vanderheyden and Ms. Higgins have been supported by sworn statements from Ms. Cooper of Wunderman, from Mr. Kehder of Genalytics, and from

USDC SDNY
DATE SCANNED 6/16/09

Plaintiff's headhunter Mr. Pasqualini.  Accordingly, in response to Plaintiff's demands for documents about other claims of discrimination or retaliation, Defendants have limited their responses to "complaints against the two alleged wrongdoers Mr. Vanderheyden and Ms. Higgins."  (At page 4, Defendants state that there were no such complaints except Mr. Lindner's.)

     5.  At pages 3-4 of their June 5 letter, Defendants write: "Defendants advised Plaintiff via letter on February 20, 2009 that in responding to discovery requests, Defendants searched for hard copy and electronically stored records that are responsive and produced any and all such records."

     6.  At pages 4-5 of their letter, Defendants write that Plaintiff refuses to schedule his deposition until he receives the remaining documents he is seeking.  Defendants request me to order Plaintiff to list "10 days in between now and the end of July that he is available for his deposition."

     7.  On the due date of June 15, Plaintiff telephoned my courtroom deputy and asked for an additional four weeks to reply to Defendants' five-page June 5 letter.  At my direction, she told him that I was tentatively giving him a three-week extension to July 6, but I wanted him to fax me his reasons.

     8.  On the night of June 15, Plaintiff faxed me a three-page letter plus exhibits.  He says that he intends to prepare third-party subpoenas this week, and to issue them to "Genalytics, Wunderman, Barry Pasqualini, Cathy Cooper (no longer at Wunderman), and ... Vendor AT&T."  He writes: "I wish also leave to apply for a further extension [beyond July 6], so that I may have an opportunity [a] to review ... the ESI [electronically stored information] from third parties and [b] to continue settlement discussions with IBM ...."

     9.  I hereby rule that it is too late to serve any new requests for discovery, including any subpoenas for discovery purposes.  If this case eventually is scheduled for trial, the parties may serve subpoenas for trial purposes.

     10.  The courts always encourage settlement discussions, but they are not a valid reason for extending Judge Sullivan's Scheduling Order.

     11.  I hereby direct Plaintiff to provide Defendants, by June 17, 2009, with a list of ten business days between July 8 and July 30, 2009 when he is available to appear at defense counsel's office for up to seven hours of deposition.  I direct

the parties to sign, and fax to me by June 19, 2009, a stipulation stating both the deposition date and a second date to be used in case of emergency. I hereby shorten, to 14 days, the time for Plaintiff or any other witness to make any changes or corrections to the transcript of his deposition (see Rule 30(e) of the Federal Rules of Civil Procedure).

12. I will permit Plaintiff to wait until July 6 to fax me his reply to Defendants' June 5 response to Plaintiff's April 17 letter motion to compel. I urge him to send his reply earlier than July 6, so that if I grant any portion of his April 17 motion there will be enough time for him to receive its fruits prior to his deposition. (Any failure to receive them would not be a reason to postpone the deposition.)

13. Judge Sullivan's Scheduling Order dated November 11, 2008 remains in full force except as follows:

> (6) All fact discovery is to be completed no later than July 31, 2009.
>
> (7)(c) Depositions shall be completed by July 31, 2009.
>
> (9) All discovery is to be completed no later than July 31, 2009.
>
> (11) Pre-motion letters regarding dispositive motions, if any, are to be submitted to Judge Sullivan no later than August 20, 2009. Responses thereto are to be submitted no later than August 27, 2009.
>
> (12) I will hold a settlement conference on August 6, 2009, at 9:45 a.m. in Courtroom 18A. By August 3, each side must fax me the confidential _ex parte_ letter described in my Standing Order for Settlement Conferences (enclosed with my 5/29/09 Memorandum and Order).
>
> (16) The post-discovery conference before Judge Sullivan, currently scheduled for July 9, will be rescheduled by him, probably for early September.

14. I direct Mr. Lauri to send Plaintiff a copy of today's Memorandum and Order as soon as possible by e-mail or fax.

*[signature: Douglas F. Eaton]*

DOUGLAS F. EATON
United States Magistrate Judge
500 Pearl Street, Room 1360
New York, New York 10007
Telephone: (212) 805-6175
Fax: (212) 805-6181fax

Dated:    New York, New York
          June 16, 2009

Copies of this Memorandum and Order are being sent by mail to:

Peter W. Lindner
1 Irving Place, Apt. G-23-C
New York, NY 10003

Kevin G. Lauri, Esq.
Jackson Lewis LLP
59 Maiden Lane
New York, NY 10038
(also by fax to 212-972-3213 fax)

Hon. Richard J. Sullivan