USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/19/09

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x
PETER W. LINDNER,                     06 Civ. 4751 (RJS)(DFE)
                    Plaintiff,
                                      (This is no longer an ECF case.)
         - against -
                                      MEMORANDUM AND ORDER
INTERNATIONAL BUSINESS MACHINES
CORPORATION, et al.,

                    Defendants.
---------------------------------x
```

DOUGLAS F. EATON, United States Magistrate Judge.

    1.    I am responding to a short letter from Kevin Lauri dated June 19, 2009 which annexes copies of e-mail correspondence between Peter Lindner and Mr. Lauri following my latest Memorandum and Order, which was faxed to them on June 18 at 1:50 PM. The e-mails contain good news and bad news.

    2.    The good news is that Mr. Lindner sent the list of ten days when he is available to appear at Mr. Lauri's office for up to seven hours of deposition. Mr. Lauri then selected July 8th as the date for the deposition and July 10th as the backup date to be used in case of emergency. I have received their stipulation and I have signed it. For further clarity, I hereby direct Mr. Lindner to appear at the offices of Jackson Lewis at 9:45 a.m. sharp for up to seven hours of deposition on July 8, 2009 (or July 10 is case of emergency).

    3.    The bad news is that Mr. Lindner's subsequent e-mails seem to be attempting to frustrate my order that he be deposed (at least any time in the near future). On June 18, 2009, at 10:24 PM, Mr. Lindner sent an e-mail to Mr. Lauri and Mr. Lauri's associate Dana Weisbrod at the law firm of Jackson Lewis LLP. It reads in part:

> I will give you until noon, Friday, June 19, 2009 to contact me via a criminal lawyer or your firm's president.
>
> I want that lawyer's assurance that despite the fact that you both may be in federal prison for 10 or more years, that you will not communicate with me in any way (An Order of Protection) and you will not even communicate via a third party, and if you do,

-1-

USDC SDNY
DATE SCANNED 6/19/09

>     you will be subject to immediate arrest on threatening
> me in a criminal case in Federal Court.
>
>     Do you understand?
>
>     Below is my portion of the joint letter to
> MJ Eaton that I want you to sign.  You can add
> your changes, but each item must be kept separate
> as per MJ Eaton's standing order on discovery disputes.

The second section of the e-mail is Mr. Lindner's portion of his proposed joint letter to me. It reads in part:

>     For this reason, the two sides agree that
> Kevin and Dana will no longer be on this case, and
> it will be taken over by a lawyer who is not tainted
> by allegedly committing a criminal act in the middle
> of a discovery with a civil action; this case 06cv4751.
>
>     Moreover, since Dana and Kevin did not respond
> to Peter by 5pm, thus scaring him that they may be
> trying to intimidate him, since both of them can
> spend 10 years in jail, both sides (Defendants and
> Plaintiff) agree to ask for an Order of Protection
> prohibiting any contact between Kevin/Dana with Peter,
> either directly or indirectly through a third party,
> and cannot come within 100 yards of Peter Lindner
> without incurring a violation of the Order of Protection,
> subject to immediate arrest, such as by Peter calling 911.
>
>              *    *    *
>
>     .... Both sides agree that Lindner will have
> an additional 8 weeks to prepare a reply and that
> all schedules will be pushed up by 8 weeks or more
> (preferably to Jan. 10, 2010), ....
>
>     We ask Your Honor to recuse Himself from this
> matter, with the leave of USDJ Sullivan, and if that
> is not done, we humbly petition the Chief Judge to
> assign new USDJ and MJ to this case, to be started
> after the first of the year.

    4. Mr. Lauri's June 19 letter to me requests that I hold an in-person conference on Monday, June 22. However, as mentioned in my June 16 order, I begin a jury trial in another case on June 22. Mr. Lauri's letter says: "We also seek an order relating to communications between the parties. Since Friday, June 12, 2009,

Mr. Lindner has sent 31 e-mails to Dana Weisbrod and me."

5.  My response is as follows.

6.  It appears to me that Mr. Lindner's conduct is vexatiously imposing excess costs on the Defendants and their attorneys.  I warn him that the courts have inherent authority to award sanctions against such conduct.  *Sassower v. Field*, 973 F.2d 75, 80-81 (2d Cir. 1992).  I have seen no basis for removing Mr. Lauri or Ms. Weisbrod from this case.  Doing so would make it difficult for another attorney to step in and take an effective deposition of Mr. Lindner on July 8, and therefore would unfairly prejudice the Defendants.  In view of the extreme nature of Mr. Lindner's e-mails, I find it necessary to make the following orders.

7.  I direct Mr. Lindner to make no communication to the Defendants or to anyone at the law firm of Jackson Lewis LLP until he has completed giving his deposition testimony, with the following exceptions:

   a.  Mr. Lindner may respond to any future communication from Defendants' attorneys, but the response must not be longer than their communication.

   b.  Mr. Lindner may communicate with them if there is an emergency reason why he may be late or absent from his deposition.  (In such an event, Defendants' attorneys should contact my chambers before excusing the reporter.)

   c.  Mr. Lindner may, on or before July 6, 2009, serve Defendants' attorneys with a copy of his reply in support of his 4/17/09 motion to compel.

   d.  Mr. Lindner may send two additional e-mails to Defendants' attorneys, with each e-mail limited to a maximum of 200 words.

8.  I direct Mr. Lindner to answer questions at his deposition for up to seven hours (not counting breaks or colloquy, which should be kept to an absolute minimum).  I direct him to answer each question succinctly, and to make a good-faith effort to make each answer shorter than 30 seconds, unless the questioner requests otherwise as to any particular question.

9.  If Mr. Lindner sincerely believes that the full answer to a given question would reveal a confidential communication between him and his attorney, then he may omit such a

communication from his answer.  The attorney-client privilege allows a witness to conceal the communication, but it does not allow him to conceal a fact just because that fact was the subject of an attorney-client communication.  Therefore, the witness's answer must supply the facts in response to as question, and may omit only the circumstances in which he communicated the facts to his attorney.

10.  If Mr. Lindner has any type of objection which is not covered by the preceding paragraph, then I direct him to say one word only ("Objection") and to proceed to answer the question.  Any such answer will then be given "subject to objection."  I will rule on such objections after Mr. Lindner sends me the deposition transcript and explains why the question was objectionable and whey the question and the answer ought to be stricken or suppressed.  I hereby shorten, from 30 days to 14 days, the time for any witness to make changes or corrections to his deposition transcript pursuant to Rule 30(e), F.R.Civ.P.

11.  I am sending today's Memorandum and Order to Mr. Lindner by fax to 212-979-9647fax.  Nevertheless, to be sure he gets this as soon as possible, I direct Mr. Lauri to send Plaintiff a copy of today's Memorandum and Order as soon as possible by e-mail.

12.  If any party fails to comply with my June 16 order or my June 18 order or today's order, I may order sanctions, including a recommendation that Judge Sullivan strike the offending party's pleadings.

13.  The parties must obey each of these orders even if there is a pending motion for reconsideration.

                                              */s/ Douglas F. Eaton*
                                      DOUGLAS F. EATON
                                      United States Magistrate Judge
                                      500 Pearl Street, Room 1360
                                      New York, New York 10007
                                      Telephone: (212) 805-6175
                                      Fax: (212) 805-6181fax

Dated:    New York, New York
          June 19, 2009

Copies of this Memorandum and Order (and of the Stipulation and Order setting the deposition of Plaintiff) are being sent by mail to:

Peter W. Lindner
1 Irving Place, Apt. G-23-C
New York, NY 10003
(also by fax to 212-979-9647fax)

Kevin G. Lauri, Esq.
Jackson Lewis LLP
59 Maiden Lane
New York, NY 10038
(also by fax to 212-972-3213 fax)

Hon. Richard J. Sullivan