USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/23/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------x
PETER W. LINDNER,                            06 Civ. 4751 (RJS)(DFE)

                    Plaintiff,
                                       (This is no longer an ECF case.)
          - against -
                                          MEMORANDUM AND ORDER
INTERNATIONAL BUSINESS MACHINES
CORPORATION, et al.,

                    Defendants.
--------------------------------x

DOUGLAS F. EATON, United States Magistrate Judge.

## A.  **Plaintiff's 4/17/09 motion to compel additional discovery responses.**

1.  Although now proceeding *pro se*, plaintiff was represented by Attorney Kenneth W. Richardson from December 2007 to May 2009.  In July 2008 he filed the Second Amended Complaint. On November 21, 2008, he served a set of interrogatories and requests for documents.  Defense counsel Kevin G. Lauri served responses and objections on December 23, 2008.  Follow-up letters were written by Mr. Richardson on February 8, 2009, by Mr. Lauri on February 20, 2009, by Mr. Richardson on March 4, 2009, and by Mr. Lauri on March 26, 2009.

2.  Mr. Richardson annexed all of those documents to a letter motion dated April 17, 2009 addressed to Judge Sullivan, who referred it to me for decision.  Mr. Lauri responded with a letter brief on June 5, 2009.  (I will arrange for these two letters to be docketed.)  Mr. Lindner, now *pro se*, replied in three documents:  on June 18 in Document #84 at pp. 1, 2 and 11; on July 10 in two affidavits docketed as Document #92; and on July 10 in a 19-page Reply docketed as Document #93.

3.  I hereby deny the April 17 motion to compel, for the following reasons.

4.  The Second Amended Complaint notes that Mr. Lindner was employed by IBM from 1999 through 2003, and that he attempted to find employment with Genalytics in February 2004 and with Wunderman in February 2005.  It alleges that defendant Robert Vanderheyden and defendant Heather Christo Higgins (who were IBM managers) retaliated against him by telling some sort of negative evaluation to Genalytics and to Wunderman.  It also alleges

-1-

DATE SCANNED 7/23/09/HK

(although I find this has dubious relevance) that Mr. Lindner complained about this suspected retaliation in two calls he made to IBM employees whose names he forgets: John Doe #1 in February or March 2004 and John Doe #2 in March 2005.

5.    The April 17 motion presses three issues: (a) Demands 9, 12, 17, 18, 19, and 21; (b) Demands 4, 5, and 23; and (c) a contention that the defendants have not searched for electronically stored information with sufficient diligence.

6.    In his letter of March 4, 2009 to defense counsel, Mr. Richardson limited Demands 9, 12, 17, 18, 19, and 21 to a time period of four months, namely February and March 2004 and February and March 2005.   Those six Demands read as follows:

Demand 9:   Provide the name of any and all employees, including John Doe #1 and John Doe #2, who spoke with plaintiff as stated in paragraphs 15 and 21 of the [second amended] complaint.

Demand 12:   Provide the phone numbers and carriers (e.g. Verizon, AT&T) for all phone calls made by any IBM employee including the time of all such calls including any and all such calls made from any office phone as well as any handheld mobile device such as cell phone / blackberry type device and home phone from 2001 to the present [now narrowed to February and March 2004 and February and March 2005].

Demand 17:   Provide any and all documentation of conversations that Vanderheyden had with John Doe #1 and John Doe #2, or any other representative.

Demand 18:   Provide any and all documentation of conversations that Christo Higgins had with John Doe #1 and John Doe #2, or any other representative.

Demand 19:   The text of all telephone numbers dialed by defendants during the period three years prior to plaintiff's layoff to the present [now narrowed to February and March 2004 and February and March 2005].

Demand 21:   Provide a list of any and all employees of IBM who ever communicated in any fashion whatsoever with any and all employees or affiliated employees or agents of Genalytics on a professional or

-2-

informal basis [now narrowed to February and March 2004].

7. In his March 26, 2009 letter, Mr. Lauri continued to object to those six Demands. He wrote:

".... Three of them seek to identify John Doe Defendants, and the conversations they had. However, not enough information has been provided to allow IBM to identify these individuals. Plaintiff's limitation in temporal scope to a 4 month period is insufficient. It is unreasonable for Plaintiff to expect [IBM] to interview every single employee who worked for IBM in February and March 2004, and in February and March 2005.

".... Mr. Vanderheyden and Ms. Higgins deny speaking to anyone at Wunderman or Genalytics about Mr. Lindner. Cathy Cooper, previously with Wunderman, Matthias Kehder of Genalytics, and Barry Pasqualini (Mr. Lindner's headhunter), all have submitted sworn statements contradicting Plaintiff's allegations ... that either Mr. Vanderheyden or Ms. Higgins spoke to them regarding Plaintiff."

Mr. Lauri's June 5 letter supplies me and Plaintiff with a copy of *Williams v. Doe*, 2008 U.S.Dist. LEXIS 80802 (S.D.N.Y. Sept. 30, 2008), in which Judge Sullivan wrote that Williams's "conclusory allegations do not warrant an order to produce the names of every government employee who he 'may' have come into contact with on March 1, 2004." *Id.* at *6, citing cases.

8. Pursuant to Rule 26(b)(2)(C)(iii), F.R.Civ.P., I determine that the burden and expense of the proposed discovery outweighs its likely benefit. I make the same finding with respect to Demands 4, 5, and 23, to the extent they demand information or allegations about IBM employees other than Mr. Vanderheyden and Ms. Higgins. These three Demands read as follows:

Demand 4: Files of all lawsuits that defendant has been defendant in cases concerning age discrimination, retaliation for engaging in protect[ed] activity and Title VII for the three year period prior to the layoff of plaintiff to the present.

Demand 5: Files of all complaints and charges concerning age discrimination, retaliation [etc.]

Demand 23: All documents and any form of

-3-

communication showing retaliatory action to any
individual for engaging in protected activity
on the part of Defendant and its affiliates
worldwide.

9.   Defendants' December 23, 2008 responses to those three
Demands stated:   "No retaliation or age discrimination lawsuits
have been filed against IBM in the referenced timeframe arising
from the conduct of either Robert Vanderheyden or Heather Christo
Higgins."   "No complaints or charges pertaining to retaliation or
age discrimination have been filed against IBM in the referenced
timeframe arising from the conduct of either Robert Vanderheyden
or Heather Christo Higgins."   "There are no records pertaining to
any retaliatory action taken by Robert Vanderheyden or Heather
Christo Higgins against any individual at IBM for engaging in
protected activity."   The defendants objected to those three
Demands to the extent they seek documents concerning allegations
of retaliation or age discrimination committed by anyone other
than Vanderheyden or Higgins.   I sustain that objection.

10.   I turn now to the third issue, electronically stored
information ("ESI").   Mr. Richardson wrote to Mr. Lauri on
February 8, 2009 and complained that the information which was
provided "should have been provided as electronically stored
information as required by the Federal Rules and as requested in
my Discovery Demands."   (Here, I note Instructions D and H
prefacing those Demands.)   By letter dated February 20, Mr. Lauri
wrote:   "In responding to Plaintiff's discovery demands,
Defendants searched for hard copy and electronically stored
records that are responsive and produced any and all such
records."   Nevertheless, Mr. Richardson's April 17 letter motion
asks for an order compelling IBM to provide such information "in
metadata format."   Mr. Lauri's June 5 letter to me repeats the
sentence I have quoted from his February 20 letter.

11.   Mr. Lindner, now proceeding *pro se*, alleges that said
sentence was false; he does not quote it but chooses to
paraphrase it, and therefore I will quote it again:   "In
responding to Plaintiff's discovery demands, Defendants searched
for hard copy and electronically stored records that are
responsive and produced any and all such records."   Mr. Lindner
paraphrases this as "IBM's assertion that IBM has no ESI relevant
to this case."   (Document #84, 6/18/09 motion, p. 2.)   To
demonstrate that such an assertion would be a lie, Mr. Lindner
continues at page 2:   "I have given IBM an email from an IBM
employee Ron Janik who freely says that Cathy Cooper of Wunderman
contacted him for information about me.   IBM did not turn over
this ESI to me (Plaintiff Lindner), and worse, IBM represented to

-4-

the Court in their June 5, 2009 filing that no such documents even exist." Those last five words are another inaccurate paraphrase. In any event, Mr. Lindner shows me a copy of the Janik e-mail; it is at page 11 of Document #84, and I am annexing a copy to today's Memorandum and Order.

12. The Janik e-mail does not appear to be responsive to any of the 25 Demands, let alone the ones as to which IBM agreed to search. Nor does it contradict Cathy Cooper's sworn statement that she did not speak to Mr. Vanderheyden or Ms. Higgins regarding Plaintiff. On March 24, 2005, Mr. Lindner e-mailed to Mr. Janik, an IBM market data analyst located in East Peoria, Illinois, and said: "I've been working as a consultant, but looking for a full time gig. I got rejected by Wunderman - - Cathy Cooper mentioned you. Hey, is you the dude that killed my dreams?" On the same day, Mr. Janik replied (from his e-mail address at us.ibm.com): "Cathy came to me to ask for info on you and I gave her a positive recommendation. Maybe they just felt you didn't fit their needs. Who knows."

13. This Janik e-mail is mentioned again in the July 10, 2009 Reply (Document #93) at page 2, where Mr. Lindner writes: "I ask that IBM be sanctioned for providing false information to the Court in their [letter] brief of Friday, June 5, 2009 that no ESI exists, .... IBM should be compelled to follow USDJ Colleen McMahon's Rules Governing Electronic Discovery. IBM should pay for a forensic expert under my supervision to determine why the Ron Janik letter was not produced by them, ...." See also page 9. In between, at pages 3-6, Mr. Lindner suggests that I and Judge Sullivan should recuse ourselves. I deny all of the various requests made by Mr. Lindner in Document #93.

## B. Plaintiff's 6/19/09 motion for sanctions against Defendants for allegedly influencing witnesses to withhold documents.

14. In November 2008 and in January 2009, Judge Sullivan ordered the parties to complete all discovery by June 15, 2009. On the night of June 15, 2009, Mr. Lindner faxed me a letter advising me that he was planning to prepare third-party subpoenas and to issue them to "Genalytics, Wunderman, Barry Pasqualini, Cathy Cooper (no longer at Wunderman), and ... Vendor AT&T." I responded in my Memorandum and Order dated June 16, 2009, at ¶9: "I hereby rule that it is too late to serve any new requests for discovery, including any subpoenas for discovery purposes. If this case eventually is scheduled for trial, the parties may serve subpoenas for trial purposes."

15. On the evening of June 16, Mr. Lauri's colleague Ms. Weisbrod sent an e-mail to Genalytics and others, with a copy to Mr. Lindner. She wrote: "We are counsel for IBM in the matter referenced by Mr. Lindner. We are attaching an order that the Magistrate Judge issued today in connection with the case. Two paragraphs of the order deal with third party subpoenas/requests for information. .... It is IBM's opinion that this attached order renders any subpoenas or discovery requests recently served by Mr. Lindner untimely and unenforceable." (See Document #84, p. 14.)

16. Later that evening, Mr. Lindner sent an e-mail to the same addressees. He wrote: "It is against the law to intimidate a witness. I believe that is what IBM is trying to do. .... You can tell the truth, and I urge you to do so." (See Document #84, pp. 13-14.)

17. On June 23, 2009, Mr. Lindner filed Objections to my order of June 16 and 18. On June 25, Judge Sullivan filed an order noting that "Plaintiff's Objections also contain requests for certain other miscellaneous relief, including, *inter alia*, sanctions against Defendants for allegedly tampering with his witnesses .... IT IS FURTHER ORDERED that Plaintiff's requests for miscellaneous relief, including sanctions against Defendants, an Order of Protection against defense counsel, and certain extensions of time, are DENIED in their entirety."

18. In view of that ruling by Judge Sullivan, I hereby deny Document #86, which is Mr. Lindner's June 19 motion asking me to order sanctions on the same ground, namely that defense counsel's June 16 e-mail to Genalytics amounted to tampering with witnesses.

## C.  **Some procedural matters.**

19. I direct the Docket Clerk to make the appropriate changes on the docket sheet to reflect that there are no longer any motions pending in this case. Documents #83 and #84 were ruled on by my June 18 Memorandum and Order (Document #80). Document #86 was ruled on by today's Memorandum and Order. Document #88 was ruled on by my June 16 Memorandum and Order (Document #77, at ¶¶7, 8, and 12.) The 4/17/09 letter motion, which will be docketed soon, was ruled on by today's Memorandum and Order.

20. I reaffirm all of the deadlines discussed in my June 16 Memorandum and Order at ¶13. In particular: **By August 3, 2009**, each side must fax me the confidential ex parte letter described

in my Standing Order for Settlement Conferences (enclosed with my 5/29/09 Memorandum and Order).  I direct Mr. Lindner, and a decisionmaker from IBM with settlement authority, and a decisionmaker from any pertinent insurance carrier, to appear before me for the settlement conference in Courtroom 18A on **August 6, 2009, at 9:45 a.m. sharp**.  I do not require personal appearance by the individual defendants, Mr. Vanderheyden and Ms. Higgins.  Mr. Lindner told the Pro Se Office that he plans to file a Rule 11 motion.  If he does, the defendants need not serve any response until a date to be set by me in the event the settlement conference fails.

21.  I am sending today's Memorandum and Order to Mr. Lindner by fax to 212-979-9647fax.  Nevertheless, to be sure he gets this as soon as possible, I direct Mr. Lauri to send Plaintiff a copy of today's Memorandum and Order as soon as possible by e-mail.

22.  The parties must obey each of the provisions of today's order even if there is a pending objection or motion for reconsideration.

Douglas F. Eaton

DOUGLAS F. EATON
United States Magistrate Judge

Dated:     New York, New York
           July 23, 2009

Copies of this Memorandum and Order (and of page 11 of Document #84, namely the 3/24/05 e-mail exchange between Peter Lindner and Ron Janik) are being sent by mail to:

Peter W. Lindner
1 Irving Place, Apt. G-23-C
New York, NY 10003
(also by fax to 212-979-9647fax)

Kevin G. Lauri, Esq.
Jackson Lewis LLP
59 Maiden Lane
New York, NY 10038
(also by fax to 212-972-3213 fax)

Hon. Richard J. Sullivan

## Appendix D:  Email (thus ESI) from IBM'er Ron Janik to Plaintiff Lindner, which IBM did not turn over, and worse, said did not exist

Peter Lindner

From:       "Ron Janik" <rkjanik@us.ibm.com>
To:         "Peter Lindner" <nyc10003@nyc.rr.com>
Sent:       Thursday, March 24, 2005 5:11 PM
Subject:    Re: ... an interesting illustration, reminiscent of the "orbital diagram"
Hey Pete,

Well, I can't say I killed your dreams - Cathy came to me to ask for info on you and I gave her a positive recommendation. Maybe they just felt you didn't fit their needs. Who knows.

So you're just freelancing? Or are you working with an agency? And what about the rest of life?

*Ron Janik*

*Ronald K. Janik*
Market Data Analyst
Americas Market Intelligence: SMB ibm.com Sales Support
International Business Machines, Inc.
304 Timber Lane
East Peoria, IL 61611-1630
Phone:877-708-2789, Fax:877-708-2789, Tie: 349-0400
e-Mail: rkjanik@us.ibm.com
Success comes when preparation meets opportunity. -- Anonymous

 

» "Peter Lindner" <nyc10003@nyc.rr.com>

> "Peter Lindner"              To:Ron Janik/Peoria/IBM@IBMUS
> <nyc10003@nyc.rr.com>        cc
>                              Subject: Re: ... an interesting illustration, reminiscent of
> 03/24/2005 02:58 PM          the "orbital diagram"

Ron:

It's sort of okay.

I've been working as a consultant, but looking for a full time gig. I got rejected by Wunderman -- Cathy Cooper mentioned you. Hey, is you the dude that killed my dreams?

Yours,

Peter

11