

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PETER W. LINDNER,

Plaintiff,

-v-

No. 06 Civ. 4751 (RJS)
ORDER

INTERNATIONAL BUSINESS MACHINES
CORP., ROBERT VANDERHEYDEN, HEATHER
CHRISTO HIGGINS, JOHN DOE #1, and JOHN
DOE #2,

Defendants.

RICHARD J. SULLIVAN, District Judge:

On August 5, 2009, the Court received, via e-mail, Plaintiff's purported "Notice of Appeal" to the Second Circuit Court of Appeals of (1) Magistrate Judge Eaton's July 23, 2009 Order setting a schedule in this matter and denying Plaintiff's request to have the Individual Defendants present at the settlement conference scheduled for August 5, 2009, as well as (2) this Court's August 4, 2009 Order affirming the July 23, 2009 Order. The Court construed Plaintiff's submission as a request for leave to file an interlocutory appeal pursuant to 28 U.S.C. § 1292, and, by Order dated August 5, 2009, denied Plaintiff's request. The August 5, 2009 Order also directed the parties to appear for any previously-scheduled conferences with this Court or Magistrate Judge Eaton.

The Court is now in receipt of Plaintiff's submission entitled "Emergency Appeal on Short Order for Temporary Stay and Writ of Mandamus to the Second Circuit Court of Appeals." The submission was received by the Court at 9:26 a.m. on August 6, 2009, a scant nineteen minutes before the settlement conference scheduled in this matter before Magistrate Judge Eaton. The e-mail itself is copied only to the Court and defense counsel, and thus the

Court has no indication whether Plaintiff has actually attempted to file this document with the Second Circuit. Nonetheless, to the extent Plaintiff has filed this document with the Second Circuit, the Court finds that the purported interlocutory appeal, made in spite of the August 5, 2009 Order denying Plaintiff leave to file an interlocutory appeal, does not divest this Court of jurisdiction. "While the filing of a notice of appeal generally divests a district court of jurisdiction, an exception is made when the notice of appeal is unauthorized and confers upon the circuit court 'the power to do nothing but dismiss the appeal.'" *Buell v. Mildworm*, 1998 WL 63402, at \*1 n.4 (S.D.N.Y. Feb. 17, 1998) (quoting *United States v. Rodgers*, 101 F.3d 247, 252 (2d Cir. 1996)). This Court "fail[s] to see any efficiency in allowing a party to halt district court proceedings arbitrarily by filing a plainly unauthorized notice of appeal," *Rodgers*, 101 F.3d at 251-52, and declines to stay the proceedings or otherwise refrain from exercising jurisdiction on the basis of Plaintiff's submission. Accordingly, the Orders previously entered in this action by this Court and Magistrate Judge Eaton remain in effect.

Finally, Plaintiff is reminded that, "while *pro se* litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including *pro ses*, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988). Failure to comply with Orders issued by this Court or

2

Magistrate Judge Eaton may result in sanctions under the Federal Rule of Civil Procedure, including dismissal.

SO ORDERED.

Dated:       August 6, 2009
            New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

3