UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PETER W. LINDNER,

                Plaintiff,

-v-

INTERNATIONAL BUSINESS MACHINES
CORP., ROBERT VANDERHEYDEN, HEATHER
CHRISTO HIGGINS, JOHN DOE #1, and JOHN
DOE #2,

                Defendants.

No. 06 Civ. 4751 (RJS)
ORDER

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/4/09
```

RICHARD J. SULLIVAN, District Judge:

By order dated September 2, 2009, Plaintiff was instructed to submit pre-motion letters
(1) regarding his proposed motion for summary judgment and (2) responding to Defendants'
letter regarding their proposed motion for summary judgment not later than 4 p.m. on September
3, 2009. As Plaintiff had previously been granted two extensions to submit these letters, the
Court clearly stated that no further extensions would be granted.

Plaintiff has still not submitted his own pre-motion letter or responded to Defendants'
pre-motion letter. He has, however, submitted two other documents to the Court.

At 4:52 p.m. on September 3, 2009, Plaintiff submitted a document captioned "MOTION
FOR EXTENSION DUE TO POSSIBLE COMMISSION OF A FELONY BY PRO SE OFFICE
PERHAPS ALONG WITH OTHER UNNAMED PERSONS IN THIS CASE AGAINST
PLAINTIFF AND A MOTION TO INVESTIGATE THIS AND OTHER POSSIBLE
FELONY."

As far as can be gleaned from Plaintiff's letter, he alleges that he sent several documents to Chief Judge Preska via the Pro Se Office, and that some of these documents were returned to him unopened by the Pro Se Office. According to Plaintiff, this conduct violates federal law. When Plaintiff complained to the District Executive, Plaintiff further alleges, he heard clicks or beeps on his phone that he believes indicate his phone had been tapped.

In addition to "an extension on the summary judgment" – actually an extension on Plaintiff's pre-motion letters relating to the parties' contemplated cross-motions for summary judgment – the letter seeks a wide variety of relief from this Court. Plaintiff asks that the Court require Defendants and their attorneys to respond to Plaintiff's allegations, that the Court formally seek the assistance of the FBI or the United States Attorney, that the Court ensure the cooperation of all courthouse personnel, and that the Court arrange for an "expert on wiretapping" to determine the cause of the clicks and beeps that he is hearing on his phone.

Plaintiff's requests are DENIED. While his letter indicates that "this criminal matter is of greater importance than the civil matter of my EEOC case," only Plaintiff's civil case is now before the Court. Basic principles of separation of powers preclude the Court from ordering the executive branch to investigate or prosecute any particular alleged crime. *See Inmates of Attica Correctional Facility v. Rockefeller*, 477 F.2d 375 (2d Cir. 1973) (holding that decisions to investigate or prosecute are committed to the discretion of the United States Attorney).

On September 4, 2009, Plaintiff submitted another letter, captioned "REPLY TO DEFENDANTS RESPONSE TO PLAINTIFF MOTION TO SANCTION DEFENDANTS FOR WILLFUL VIOLATION OF AN ORDER CENTRAL TO THIS CASE AND REQUEST FOR FULLY BRIEFED HEARING IN OPEN COURT." Here, Plaintiff requests a fully-briefed hearing regarding Defendants' counsel's September 1, 2009, e-mail to Plaintiff, in violation of

2

the Court's August 7, 2009, order.   By order dated September 2, 2009, the Court denied Plaintiff's request for sanctions; accordingly, Plaintiff's current request for a hearing is also DENIED.   Plaintiff's request that the court hold a hearing on previously resolved discovery disputes is also DENIED.   Finally, Plaintiff's request that the Court certify issues to the United States Court of Appeals for the Second Circuit is DENIED, as Plaintiff has not pointed to "a controlling issue of law or fact" such that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See* 28 U.S.C. 1292(b).

In light of Plaintiff's repeated failure to comply with the Court's orders to submit pre-motion letters, the Court concludes that a pre-motion conference would be futile.   Instead, IT IS HEREBY ORDERED that Defendants shall file their motion for summary judgment by Monday, October 5,   Plaintiff shall respond by Monday, October 19, and   Defendants shall reply by Monday, October 26.

Plaintiff is advised that should he fail to respond to Defendants' motion for summary judgment in accordance with Rule 56(e)(2) of the Federal Rules of Civil Procedure, the Court will accept as true all material facts that are supported by Defendants' evidence. *See Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996).   Thus, Plaintiff must submit evidence – by affidavit or otherwise – showing a genuine issue of material fact for trial.   Should Plaintiff fail to do so, summary judgment may be entered for the Defendants despite his failure to respond.   Plaintiff is further advised that his continued failure to comply with Court orders may result in dismissal of this action under Federal Rule of Civil Procedure 41(b).

Dated:        September 4, 2009
              New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

3

A copy of this order was e-mailed to:

Peter W. Lindner
nyc10003@nyc.rr.com

Kevin G. Lauri
Counsel/Jackson Lewis LLP
Laurik@Jacksonlewis.com