USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/18/09

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
PETER W. LINDNER,                        06 Civ. 4751 (RJS)(DFE)
                Plaintiff,
                                         (This is no longer an ECF case.)
        - against -
                                         MEMORANDUM AND ORDER
INTERNATIONAL BUSINESS MACHINES
CORPORATION, et al.,

                Defendants.
----------------------------------x
```

DOUGLAS F. EATON, United States Magistrate Judge.

    1. I hereby deny Plaintiff's August 14, 2009 Motion to Compel Depositions by Named Defendants (Document #109). My reasons are essentially the reasons set forth in Defendants' August 24, 2009 Response (Document #111).

    2. On September 17, 2009, I received from Plaintiff a faxed affidavit, and I annex a copy. It is labeled as a "Joint Letter to Magistrate Judge for Investigation." However, Plaintiff makes clear that this is not a joint letter, but rather an affidavit stating only his position.

    3. In this affidavit at ¶¶ 5-6 Plaintiff requests an order directing the U.S. Marshal Service to preserve any videotapes made concerning Plaintiff's visit to our Courthouse on September 4, 2009. The affidavit also complains that persons at the Pro Se Office refused to submit his documents to Chief Judge Preska, and he requests me to order an investigation.

    4. I find that all of the requests in this affidavit are frivolous, and I deny them.

    5. I believe there are no longer any motions or requests pending before me in this case.

                                        /s/ Douglas F. Eaton
                                        _____
                                        DOUGLAS F. EATON
                                        United States Magistrate Judge

Dated:    New York, New York
            September 17, 2009

USDC SDNY
DATE SCANNED 9/18/09 HP

Copies of this Memorandum and Order (and of Plaintiff's 9/17/09 affidavit) are being sent by mail to:

Peter W. Lindner
1 Irving Place, Apt. G-23-C
New York, NY 10003
(also by fax to 212-979-9647 fax)

Kevin G. Lauri, Esq.
Jackson Lewis LLP
59 Maiden Lane
New York, NY 10038
(also by fax to 212-972-3213 fax)

Hon. Richard J. Sullivan

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

PETER W. LINDNER,

                Plaintiff,

-against-

INTERNATIONAL BUSINESS MACHINES
CORPORATION, ROBERT VANDERHEYDEN,
HEATHER CHRISTO HIGGINS, JOHN DOE #1,
and JOHN DOE #2,

                Defendants.

------------------------------------X

06 Civ. 4751 (RJS) (DFE)
This is not an ECF Case

JOINT LETTER TO MAGISTRATE
JUDGE FOR INVESTIGATION AS
TO DELAY TO US JUDGE

Thursday, September 17, 2009

STATE OF NEW YORK   )
                         : SS.:
COUNTY OF NEW YORK )

    PETER LINDNER, being duly sworn, says:

To Magistrate Judge Eaton:

1. I am the Plaintiff in this action.

2. Originally, this was a joint request by IBM's Counsel Kevin Lauri, Esq. and Peter Lindner (Pro Se litigant and Defendant).

3. However, IBM has had this (precursor) document for 4 days and has no objections to it. Silence gives consent. The original "precursor" document is in Appendix A. The cover letter to it is in Appendix B.

4. This document has minor modifications, to conform with Kevin Lauri's and Dana Weisbrod's decision to not co-sign this letter, nor to modify it, nor to object to it, nor to suggest alternate procedures on how to deal with this, nor to give a different timeframe.

5. Another modification is that Deputy US Marshal Paul Brunhuber just called me Plaintiff Lindner at 4:30pm-7:30pm on Thursday, September 17, 2009 on my cell phone and indicated that he will not turn over his investigative notes, nor will he complete the investigation, nor **will he preserve the video tapes** of Friday, September 4, 2009 from 4:30pm to 7:30pm of Lindner's appearance, comings, goings, inside and outside security cameras, which get deleted in perhaps 4 weeks, which is 2 weeks from now.

6. Hence, Your Honor is needed to issue an order to preserve the abovesaid ¶5 videotapes of 4:30pm-7:30pm on Thursday, September 17, 2009 of SDNY and environs, and or allow Plaintiff Lindner to again issue subpoenas to handle these developments of possible felonies stemming from a civil case.

7. Thus, IBM and Peter Lindner both agree that the matter of Peter Lindner's copies of motions going to Chief Judge Preska via the Pro Se Office and being returned should be investigated, due to its seriousness as a violation of 18 U.S.C. §1512(b)(3) and punishable by up to 20 years imprisonment. Since 06cv4751 is a civil case, we the parties wish to clear up that there is any criminal involvement in these matters.

8. Accordingly we jointly request Your Honor to request the lawful investigative authorities to clear the names of the parties' involvement in this criminal offense.

9. The facts of the matter are as follows:

10. WHEREAS, Plaintiff Lindner and IBM, R. Vanderheyden, H. Christo-Higgins, John Doe#1, and John Doe#2 ("the parties") are engaged in a civil suit 06cv4751

11. WHEREAS, Peter Lindner had a complaint about witness tampering by Kevin Lauri, which is a possible commission of a federal offense, and could result in the "discipline of attorneys"

12. WHEREAS, Mr. Lindner submitted that complaint to Chief Judge Preska several times (namely: 4 separate submissions of those documents)

13. WHEREAS, Mr. Lindner's second submission was returned by Ms. Alison Cavale of the Pro Se Office with a cover letter explaining why there was no "need" for Chief Judge Preska to get the document;

14. WHEREAS, Ms. Cavale may have been instructed or assisted to write such a letter,

15. WHEREAS, Chief Judge Preska directs the Grievance Committee and appoints its members, as per SDNY "Local Civil Rule 1.5. Discipline of Attorneys" as excerpted here:

    **Local Civil Rule 1.5. Discipline of Attorneys**

    (a) **Committee on Grievances.** The chief judge shall appoint a committee of the board of judges known as the Committee on Grievances, which under the direction of the chief judge shall have charge of all matters relating to the discipline of attorneys. The chief judge shall appoint a

16. WHEREAS, At least one of those documents, and maybe 3 were returned to Mr. Lindner. The 4th document got through, after a delay.

17. WHEREAS, The Pro Se Office requires all documents to judges to be sent via the Pro Se Office, as per Standing Order M10-468, Document #58
- http://www1.nysd.uscourts.gov/prose/pro_se_litigation.pdf

18. WHEREAS, Whether or not Kevin Lauri did or did not commit witness tampering, both Mr. Lauri and Mr. Lindner agree that to delay such information going to a Judge is a felony, and would like this matter **fully investigated** so that it can be cleared up. The law of 18 U.S.C. §1512(b)(3) is excerpted here:

2

(b) Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to—

(3) hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation [1] supervised release,,[1] parole, or release pending judicial proceedings;

shall be fined under this title or imprisoned not more than 20 years, or both.

19. WHEREAS, the parties agree that 18 U.S.C. §1512(b)(3) would mean that, to paraphrase it using its own statutory language, some one delayed the information from Plaintiff Lindner to Chief Judge Preska containing information about a possible commission of a federal offense, to wit: "Whoever knowingly ... attempts ... to ... hinder, delay or prevent the communication to a ... judge of the United States of information related to the ... possible commission of a Federal offense ... shall be fined under this title or imprisoned not more than 20 years, or both."

20. NOW THEREFORE, we the parties do hereby formally request a full investigation by the lawful authorities, so that the origin of such a "delay" in getting "information" to Chief Judge Preska can be seen as innocent, or malicious, or suggested by a person or persons unknown, "whoever" they may be. The lawful authorities can be requested by Your Honor as to either the US Attorney, the FBI or the US Marshal.

By: _____ Date: 9/17/2009     By: _____ Date: _____
        5:19 pm
Peter W. Lindner                                     Kevin Lauri, Esq.
Plaintiff, Pro Se                                    Defendants' Lawyer, JacksonLewis

1 Irving Place, Apt. G-23-C                          By: _____ Date: _____
New York, New York 10003
Home & Fax: 212-979-9647                             Dana Weisbrod, Esq.
Cell:          917-207-4962                          Defendants' Lawyer, JacksonLewis

Sworn to before me

_____ Day of September, 2009


_____

Notary Public

3

**Appendix A: Original 2-page "precursor document" Joint letter sent to Kevin Lauri, for inspection**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

06 Civ. 4751 (RJS) (DFE)
------------------------------X  This is not an ECF Case
PETER W. LINDNER,
        Plaintiff      JOINT LETTER TO MAGISTRATE
                              JUDGE FOR INVESTIGATION AS
  -against-               TO DELAY TO US JUDGE

INTERNATIONAL BUSINESS MACHINES
CORPORATION, ROBERT VANDERHEYDEN,
HEATHER CHRISTO HIGGINS, JOHN DOE #1,
and JOHN DOE #2,
        Defendants.
------------------------------X

Sunday, September 13, 2009

To Magistrate Judge Eaton:

    IBM and Peter Lindner both agree that the matter of Peter Lindner's copies of motions going to Chief Judge Preska via the Pro Se Office and being returned should be investigated, due to its seriousness as a violation of 18 U.S.C. §1512(b)(3) and punishable by up to 20 years imprisonment. Since 06cv4751 is a civil case, we the parties wish to clear up that there is any criminal involvement in these matters. Accordingly we jointly request Your Honor to request the lawful investigative authorities to clear the names of the parties' involvement in this criminal offense.

    The facts of the matter are these:

1. WHEREAS, Plaintiff Lindner and IBM, R. Vanderheyden, H. Christo-Higgins, John Doe#1, and John Doe#2 ("the parties") are engaged in a civil suit 06cv4751
2. WHEREAS, Peter Lindner had a complaint about witness tampering by Kevin Lauri, which is a possible commission of a federal offense, and could result in the "discipline of attorneys"
3. WHEREAS, Mr. Lindner submitted that complaint to Chief Judge Preska several times (namely: 4 separate submissions of those documents)
4. WHEREAS, Mr. Lindner's second submission was returned by Ms. Alison Cavale of the Pro Se Office with a cover letter explaining why there was no "need" for Chief Judge Preska to get the document,
5. WHEREAS, Ms. Cavale may have been instructed or assisted to write such a letter,
6. WHEREAS, Chief Judge Preska directs the Grievance Committee and appoints its members, as per SDNY "Local Civil Rule 1.5. Discipline of Attorneys" as excerpted here:

Local Civil Rule 1.5. Discipline of Attorneys

    (a) Committee on Grievances. The chief judge shall appoint a committee of the board of

judges known as the Committee on Grievances, which under the direction of the chief judge shall

have charge of all matters relating to the discipline of attorneys. The chief judge shall appoint a

7. WHEREAS, At least one of those documents, and maybe 3 were returned to Mr. Lindner. The 4th document got through, after a delay.
8. WHEREAS, The Pro Se Office requires all documents to judges to be sent via the Pro Se Office, as per Standing Order M10-468, Document #58

1

4

- http://www1.nysd.uscourts.gov/prose/pro_se_litigation.pdf
9. WHEREAS, Whether or not Kevin Lauri did or did not commit witness tampering, both Mr. Lauri and Mr. Lindner agree that to delay such information going to a Judge is a felony, and would like this matter fully investigated so that it can be cleared up. The law of 18 U.S.C. §1512(b)(3) is excerpted here:

> **(b)** Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to—
>
> **(3)** hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation [1] supervised release,,[1] parole, or release pending judicial proceedings;
>
> shall be fined under this title or imprisoned not more than 20 years, or both.

10. WHEREAS, the parties agree that 18 U.S.C. §1512(b)(3) would mean that, to paraphrase it using its own statutory language, some one delayed the information from Plaintiff Lindner to Chief Judge Preska containing information about a possible commission of a federal offense, to wit: "Whoever knowingly ... attempts ... to ... hinder, delay or prevent the communication to a ... judge of the United States of information related to the ... possible commission of a Federal offense ... shall be fined under this title or imprisoned not more than 20 years, or both."

11. Now THEREFORE, we the parties do hereby formally request a full investigation by the lawful authorities, so that the origin of such a "delay" in getting "information" to Chief Judge Preska can be seen as innocent, or malicious, or suggested by a person or persons unknown, "whoever" they may be. The lawful authorities can be requested by Your Honor as to either the US Attorney, the FBI or the US Marshal.

By: _____  Date: _____      By: _____  Date: _____
Peter W. Lindner                                 Kevin Lauri, Esq.
Plaintiff, Pro Se                                Defendants' Lawyer, JacksonLewis

1 Irving Place, Apt. G-23-C                      By: _____  Date: _____
New York, New York 10003
Home & Fax: 212-979-9647                         Dana Weisbrod, Esq.
Cell:     917-207-4962                           Defendants' Lawyer, JacksonLewis

5

## Appendix B: Cover letter to Original "precursor document"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
PETER W. LINDNER,
                Plaintiff,

    -against-

INTERNATIONAL BUSINESS MACHINES
CORPORATION, ROBERT VANDERHEYDEN,
HEATHER CHRISTO HIGGINS, JOHN DOE #1,
and JOHN DOE #2,
                Defendants.
------------------------------------X

06 Civ. 4751 (RJS) (DFE)
This is not an ECF Case

REQUEST FOR JOINT LETTER
TO MAGISTRATE JUDGE ON
FELONY INVESTIGATION TO
CLEAR THE NAMES OF THE
PEOPLE

                Sunday, September 13, 2009
                Sent via Fax & USPS

Kevin & Dana:

    Please check if this letter is satisfactory, or if you oppose it, and why.

    I would think for a civil case to have an allegation of felonious conduct would be something you both would want to avoid. Correct?

    Please respond by Wed, Sep, 16, 2009 on what changes you want, or if you disagree totally, or how to proceed and on what timeframe.

By: _____  Date: _____

Peter W. Lindner
Plaintiff, Pro Se

1 Irving Place, Apt. G-23-C
New York, New York 10003
Home & Fax: 212-979-9647
Cell:      917-207-4962

6

**(b)** Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to—

(3) hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation [1] supervised release,[1] parole, or release pending judicial proceedings;

shall be fined under this title or imprisoned not more than 20 years, or both.

19. WHEREAS, the parties agree that 18 U.S.C. §1512(b)(3) would mean that, to paraphrase it using its own statutory language, some one delayed the information from Plaintiff Lindner to Chief Judge Preska containing information about a possible commission of a federal offense, to wit: "Whoever knowingly ... attempts ... to ... hinder, delay or prevent the communication to a ... judge of the United States of information related to the ... possible commission of a Federal offense ... shall be fined under this title or imprisoned not more than 20 years, or both."

20. NOW THEREFORE, we the parties do hereby formally request a full investigation by the lawful authorities, so that the origin of such a "delay" in getting "information" to Chief Judge Preska can be seen as innocent, or malicious, or suggested by a person or persons unknown, "whoever" they may be. The lawful authorities can be requested by Your Honor as to either the US Attorney, the FBI or the US Marshal.

By: _[signature]_   Date: 9/17/2009          By: _____   Date: _____

Peter W. Lindner                              Kevin Lauri, Esq.
Plaintiff, Pro Se                             Defendants' Lawyer, JacksonLewis

1 Irving Place, Apt. G-23-C                   By: _____   Date: _____
New York, New York 10003
Home & Fax: 212-979-9647
Cell:         917-207-4962                    Dana Weisbrod, Esq.
                                              Defendants' Lawyer, JacksonLewis

Sworn to before me

17 Day of September, 2009

_[signature]_

Notary Public

JOHN POPESCU
Notary Public, State of New York
No. 01PO6142750
Qualified in Bronx County
COMMISSION EXPIRES 03/20/2010

3