UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PETER W. LINDNER,

                Plaintiff,

-v-

INTERNATIONAL BUSINESS MACHINES
CORP., ROBERT VANDERHEYDEN, HEATHER
CHRISTO HIGGINS, JOHN DOE #1, and JOHN
DOE #2,

                Defendants.

No. 06 Civ. 4751 (RJS)
ORDER

| USDS SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: _10/8/09_ |

RICHARD J. SULLIVAN, District Judge:

      Plaintiff has sent the Court a letter, captioned "MOTION TO SPEAK FREELY," dated

October 7, 2009. This letter followed the Court's order dated October 6, 2009, in which the

Court ordered Plaintiff to show cause why he should not be sanctioned for his letter dated

October 2, 2009. The October 2 letter, sent by Plaintiff to the U.S. Marshals, accused the

undersigned of being a corrupt recipient of bribes from Defendant IBM, and it is attached to the

Court's order of October 6, 2009.

      The October 7 letter first requests that the Court vacate its order of September 18, 2009,

limiting Plaintiff's communications to the Court to 200 words. This limitation was imposed "in

light of Plaintiff's repeated and ongoing abuse of the litigation process." Insofar as Plaintiff is

requesting that the order be vacated in all respects, the request is denied. Plaintiff is, however,

granted permission to write more than 200 words of explanation as to why he should not be

sanctioned for his October 2, 2009, letter. Plaintiff shall submit his written explanation to the

Court no later than October 19, 2009.

The letter also implies that because Plaintiff has submitted his own motion for summary judgment, he is not obligated to respond to Defendant's pending motion for summary judgment. Plaintiff is instructed that, as explained in the Court's order of August 26, 2009, his motion for summary judgment was improperly filed; it is not now before the Court.

Moreover, even if Plaintiff had properly filed a motion for summary judgment, he would nonetheless remain bound to respond to Defendants' properly filed motion pursuant to Federal Rule of Civil Procedure 56(e)(2). Plaintiff is hereby granted permission to write more than 200 words in opposition to Defendants' motion, provided that he complies with Section 2.B of the Court's individual rules of practice, which limits memoranda of law in opposition to motions to 25 pages.

Should Plaintiff fail to properly respond to Defendants' motion by October 19, 2009, the Court will accept as true all material facts that are supported by Defendants' evidence. *See Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996). Thus, Plaintiff must submit evidence – by affidavit or otherwise – showing a genuine issue of material fact for trial. Should Plaintiff fail to do so, summary judgment may be entered for the Defendants.


SO ORDERED.


Dated:        October 8, 2009
              New York, New York

                                          RICHARD J. SULLIVAN
                                          UNITED STATES DISTRICT JUDGE

A copy of this order was e-mailed to:

Peter W. Lindner
nyc10003@nyc.rr.com