USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/24/15

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
PETER W. LINDNER,                   :
                                    :       06 Civ. 4751 (RJS)
                                    :
            Plaintiff,              :
                                    :       ORDER
       v.                           :
                                    :
INTERNATIONAL BUSINESS MACHINES     :
CORP., ROBERT VANDERHEYDEN,         :
HEATHER CHRISTO HIGGINS,            :
JOHN DOE #1, and JOHN DOE #2,       :
                                    :
            Defendants.             :
                                    :
------------------------------------X
```

LORETTA A. PRESKA, Chief United States District Judge:

By Memorandum and Order, dated January 21, 2010, this Court granted summary judgment in favor of International Business Machines Corporation ("IBM"), Robert Vanderheyden, Heather Christo Higgins, and the John Doe (each a "Defendant" and collectively "Defendants"). (See Memorandum and Order, dated Jan. 21, 2010 [dkt. no. 168] ("Memorandum and Order").) The Memorandum and Order declined to impose sanctions on Peter W. Lindner ("Plaintiff") despite Plaintiff's "repeated and ongoing abuse of the litigation process." (See Order, dated Sept. 18, 2009 [dkt. no. 122].) Thereafter, the Clerk of Court entered judgment in favor of Defendants and closed the above-captioned case. (See Clerk's Judgment, dated Jan. 29, 2010 [dkt. no. 169].) On February 2, 2010, Plaintiff moved pursuant

1

to Fed. R. App. P. ("Rule") 24(a)(1) for leave to appeal in forma pauperis. (See Notice of Appeal, dated Feb. 2, 2010 [dkt. no. 172].) The Court denied that motion. (See Order, dated Feb. 10, 2010 [dkt. no. 170].) Thereafter, the Court of Appeals also denied Plaintiff's motion and dismissed the appeal because "it lack[ed] an arguable basis in law or fact." (See Mandate of USCA, dated Sept. 2, 2010 [dkt. no. 174].)

Notwithstanding this Court's orders, issued by United States District Judge Richard J. Sullivan, and the Court of Appeals' Mandate, Plaintiff continues to abuse the litigation process. By letter, dated December 19, 2014, Plaintiff asks this Court, pursuant to 28 U.S.C. § 352, to review his complaints against Judge Sullivan. The Court declines to do so because Plaintiff's "complaints" are baseless allegations that insinuate Judge Sullivan was involved in planting "child porn on [Plaintiff's] PC (presumably via a thumbnail drive with a virus that does so)" as well as "a half kilo of cocaine" in Plaintiff's apartment. This accusation is similar to Plaintiff's letter of August 20, 2009, likening the Court to both "disgraced President Nixon" and the Nazi collaborators of Vichy France. (See Order, dated Sept. 2, 2009 [dkt. no. 116].) In keeping with this behavior, Plaintiff has also telephoned Chief Judge Preska's Chambers on multiple occasions, demanding resolution of his claims.

2

Plaintiff has been warned of the possible consequences of his conduct multiple times. (See, e.g., id. at 2.) Even so, the Court has tolerated Plaintiff's repeated uncivil behavior and entertained "countless requests ... for relief that is collateral to this case," denying Plaintiff's motions to sanction defense counsel on "no fewer than seven prior occasions" and also denying his request to investigate the Pro Se Office. (See Order, dated Sept. 18, 2009 [dkt. no. 122].) These measures have not deterred Plaintiff.

Accordingly, IT IS HEREBY ORDERED that Plaintiff is barred from making motions and submitting documents in this matter without first obtaining from the Court leave to file. Any motion for leave to file must be captioned "Application Pursuant to Court Order Seeking Leave to File." Plaintiff must attach a copy of his proposed motion or submission and attach a copy of this order with each and any such filing. That application must be filed with the Pro Se Office of this Court. Should the Plaintiff violate this order and make a motion or submit documents without first filing a motion for leave to file, the action will be dismissed for failure to comply with this order. To the extent this is not already clear, Plaintiff is prohibited from contacting Chief Judge Preska's Chambers by telephone, facsimile, letter, or any other means. Plaintiff is warned that the continued submission of further frivolous

3

documents or impermissible contact with Chief Judge Preska's Chambers, in contravention of this order, may result in the imposition of additional sanctions, including monetary penalties.  See 28 U.S.C. § 1651.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   New York, New York
         February 24, 2015

                                    _____
                                    LORETTA A. PRESKA
                                    Chief United States District Judge